Christopher Kao (SBN 237716)
ckao@velaw.com
David J. Tsai (SBN 244479)
dtsai@velaw.com
Brock S. Weber (SBN 261383)
bweber@velaw.com
Abigail Lubow (SBN 314396)
alubow@velaw.com
VINSON & ELKINS L.L.P.
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900
Facsimile: (415) 651-8786

*Attorneys for Defendants*
*United Microelectronics Corporation and*
*UMC Group (USA)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

LONE STAR SILICON INNOVATIONS LLC,

Plaintiff,

vs.

UNITED MICROELECTRONICS CORPORATION and UMC GROUP (USA),

Defendants.

Case No. 5:17-CV-04033-WHA

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT BY DEFENDANTS UNITED MICROELECTRONICS CORPORATION AND UMC GROUP (USA)**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS UNITED MICROELECTRONICS CORPORATION AND UMC GROUP (USA)**

Defendants United Microelectronics Corporation ("UMC Taiwan") and UMC Group (USA) ("UMC USA") (together, "UMC"), by and through undersigned counsel, hereby files their Answer and Affirmative Defenses to Plaintiff Lone Star Silicon Innovations LLC's ("Plaintiff's") Complaint for Patent Infringement as follows:

**NATURE OF ACTION**

1. UMC admits the Complaint purports to state a cause of action for patent infringement arising under Title 35 of the United States Code. UMC denies that it has infringed the three patents-in-suit listed in Paragraph 1.

**THE PARTIES**

2. UMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. UMC Taiwan admits that it is a corporation organized under the laws of Taiwan, with its principal place of business at No. 3 Li-Hsin Road II, Hsinchu Science Park, Hsinchu City, Taiwan, Republic of China. UMC denies any and all remaining allegations in Paragraph 3.

4. UMC USA admits that it is a California corporation with its principal place of business at 488 De Guigne Drive, Sunnyvale, CA 94085. UMC USA admits that its registered agent for service of process in the State of Texas is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201. UMC USA admits that it is a wholly-owned subsidiary of UMC Taiwan and that it is a sales office that facilitates sales to U.S.-based customers of silicon wafers manufactured by UMC Taiwan entirely outside of the United States, for delivery outside of the United States. UMC denies any and all remaining allegations in Paragraph 4.

5. UMC denies the allegations in Paragraph 5.

**JURISDICTION AND VENUE**

6. UMC admits the Complaint purports to state a cause of action for patent infringement arising under Title 35 of the United States Code. UMC denies that it has infringed

the patents-in-suit. UMC admits that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 & 1338(a). UMC denies any and all remaining allegations in Paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required. The Complaint was filed in the United States District Court for the Eastern District of Texas. UMC Taiwan denies that personal jurisdiction exists over it in the State of Texas and responded to the Complaint by filing a motion to dismiss for lack of personal jurisdiction, which was never acted upon. UMC USA did not contest personal jurisdiction in Texas, but responded to the Complaint by filing a motion to dismiss for improper venue. The Court in the Eastern District of Texas granted that motion and ordered the action against both UMC Taiwan and UMC USA transferred to the Northern District of California pursuant to 28 U.S.C. § 1406. UMC does not contest that personal jurisdiction exists over UMC in the Northern District of California for purposes of this action only. UMC denies any and all remaining allegations in Paragraph 7.

8. UMC denies the allegations in Paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required. The Complaint was filed in the United States District Court for the Eastern District of Texas. UMC USA responded to the Complaint by filing a motion to dismiss for improper venue. The Court in the Eastern District of Texas granted that motion and ordered the action against both UMC Taiwan and UMC USA transferred to the Northern District of California pursuant to 28 U.S.C. § 1406. UMC does not contest that venue is proper in the Northern District of California for purposes of this action only. UMC denies any and all remaining allegations in Paragraph 9.

## THE PATENTS IN SUIT

10. UMC admits that U.S. Patent No. 5,973,372 ("the '372 Patent") is titled "Silicided Shallow Junction Transistor Formation And Structure With High And Low Breakdown Voltages," and that what purports to be a copy of the '372 Patent is attached to the Complaint as Exhibit A. UMC further admits that the '372 Patent, on its face, states it was issued on October 26, 1999 from U.S. Patent Application Serial Number 08/986,283, filed December 6, 1997. UMC denies that the '372 Patent was duly and legally issued. UMC is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 10 of the Complaint and therefore denies them.

11. UMC admits that U.S. Patent No. 6,103,611 ("the '611 Patent") is titled "Methods And Arrangements For Improved Spacer Formation Within A Semiconductor Device," and that what purports to be a copy of the '611 Patent is attached to the Complaint as Exhibit B. UMC further admits that the '611 Patent, on its face, states it was issued on August 15, 2000 from U.S. Patent Application Serial Number 08/993,830, filed December 18, 1997. UMC denies that the '611 Patent was duly and legally issued. UMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 11 of the Complaint and therefore denies them.

12. UMC admits that U.S. Patent No. 6,388,330 ("the '330 Patent") is titled "Low Dielectric Constant Etch Stop Layers In Integrated Circuit Interconnects," and that what purports to be a copy of the '330 Patent is attached to the Complaint as Exhibit C. UMC further admits that the '330 Patent, on its face, states it was issued on May 14, 2002 from U.S. Patent Application Serial Number 09/776,012, filed February 1, 2001. UMC denies that the '330 Patent was duly and legally issued. UMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 12 of the Complaint and therefore denies them.

**DEFENDANTS' ALLEGEDLY INFRINGING PRODUCTS AND METHODS**

13. UMC Taiwan admits that it is in the business of manufacturing semiconductor wafers in facilities located solely outside of the United States in Taiwan, Singapore, and Mainland China. UMC admits that UMC USA is a wholly-owned subsidiary of UMC Taiwan, and that UMC USA facilitates contracts for delivery of wafers outside the United States between UMC Taiwan and UMC Taiwan's customers in the United States. All purchase orders and agreements contemplate that UMC Taiwan's semiconductor wafers will be delivered to locations outside the United States. UMC denies that it has any specific knowledge of what its customer's end-user products that are made using wafers manufactured by UMC Taiwan are, and denies that it has knowledge of where those products are shipped or sold. UMC denies that it knows, directs,

or controls where its customers sell, market, import, or distribute products including wafers manufactured by UMC Taiwan. UMC denies any and all remaining allegations in Paragraph 13.

14. UMC Taiwan admits that it is in the business of manufacturing semiconductor wafers in facilities located solely outside of the United States in Taiwan, Singapore, and Mainland China. UMC USA admits that it facilitates contracts for delivery of wafers outside the United States between UMC Taiwan and UMC Taiwan's customers in the United States. UMC denies that it has any specific knowledge of what its customer's end-user products that are made using wafers manufactured by UMC Taiwan are, and denies that it has knowledge of where those products are shipped or sold. UMC denies that it knows, directs, or controls where its customers sell, market, import, or distribute products including wafers manufactured by UMC Taiwan. UMC admits that Intel, STMicroelectronics, Xilinx, Broadcom, MediaTek, Realtek, Qualcomm and Novatek are, or have been, customers of UMC. UMC denies any and all remaining allegations in Paragraph 14.

15. UMC Taiwan admits that its process technologies can allow the production of more integrated circuit dice per wafer. UMC Taiwan admits that its 40-nanometer processes can use techniques such as immersion lithography, ultra-shallow junction transistor design, and ultra low-k dielectrics. UMC denies that it has infringed any claims of the patents-in-suit, literally or under the doctrine of equivalents. UMC denies any and all remaining allegations in Paragraph 15.

16. UMC Taiwan admits that it has 28-nanometer processes that include 28-nm High Performance Low Power (28HLP) process technologies that use PolySiON platforms. UMC Taiwan admits that its 28-nm processes have implemented high-k/metal gate stack technologies. UMC denies that it has infringed any claims of the patents-in-suit, literally or under the doctrine of equivalents. UMC denies any and all remaining allegations in Paragraph 16.

17. UMC denies the allegations in Paragraph 17.

**<u>FIRST CAUSE OF ACTION – ALLEGED INFRINGEMENT OF THE '372 PATENT</u>**

18. UMC incorporates by reference its responses to the allegations in Paragraphs 1-17 above as if fully set forth herein.

19. UMC denies the allegations in Paragraph 19.

20. UMC denies the allegations in Paragraph 20.

21. UMC denies the allegations in Paragraph 21.

22. UMC admits that it has been issued over 4,470 patents. UMC denies any and all remaining allegations in Paragraph 22.

23. UMC denies the allegations in Paragraph 23.

24. UMC denies the allegations in Paragraph 24.

25. UMC denies the allegations in Paragraph 25.

26. UMC denies the allegations in Paragraph 26.

27. UMC denies the allegations in Paragraph 27.

28. UMC denies the allegations in Paragraph 28.

29. UMC denies the allegations in Paragraph 29.

30. UMC denies the allegations in Paragraph 30.

31. UMC denies the allegations in Paragraph 31.

## SECOND CAUSE OF ACTION – ALLEGED INFRINGEMENT OF THE ’611 PATENT

32. UMC incorporates by reference its responses to the allegations in Paragraphs 1-17 above as if fully set forth herein.

33. UMC denies the allegations in Paragraph 33.

34. UMC denies the allegations in Paragraph 34.

35. UMC denies the allegations in Paragraph 35.

36. UMC admits that it has been issued over 4,470 patents. UMC denies any and all remaining allegations in Paragraph 36.

37. UMC denies the allegations in Paragraph 37.

38. UMC denies the allegations in Paragraph 38.

39. UMC denies the allegations in Paragraph 39.

40. UMC denies the allegations in Paragraph 40.

41. UMC denies the allegations in Paragraph 41.

42. UMC denies the allegations in Paragraph 42.

43. UMC denies the allegations in Paragraph 43.

44. UMC denies the allegations in Paragraph 44.

**THIRD CAUSE OF ACTION – ALLEGED INFRINGEMENT OF THE ’330 PATENT**

45. UMC incorporates by reference its responses to the allegations in Paragraphs 1-17 above as if fully set forth herein.

46. UMC denies the allegations in Paragraph 46.

47. UMC denies the allegations in Paragraph 47.

48. UMC admits that it has been issued over 4,470 patents. UMC denies any and all remaining allegations in Paragraph 48.

49. UMC denies the allegations in Paragraph 49.

50. UMC denies the allegations in Paragraph 50.

51. UMC denies the allegations in Paragraph 51.

52. UMC denies the allegations in Paragraph 52.

53. UMC denies the allegations in Paragraph 53.

54. UMC denies the allegations in Paragraph 54.

55. UMC denies the allegations in Paragraph 55.

56. UMC denies the allegations in Paragraph 56.

57. UMC denies the allegations in Paragraph 57.

**PRAYER FOR RELIEF**

UMC denies that Plaintiff is entitled to any relief whatsoever as prayed or otherwise. UMC denies each and every allegation of the Complaint not already admitted or denied and further denies that Plaintiff is entitled to any relief whatsoever from UMC on the basis of any of the purported causes of action contained in the Complaint.

**JURY DEMAND**

Plaintiff’s request for trial by jury does not require a response.

**AFFIRMATIVE DEFENSES**

UMC asserts the following defenses without waiver, limitation or prejudice, and without assuming any burden of proof that it would not otherwise have under the law.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

UMC has not infringed and does not infringe, either literally or under the doctrine of equivalents, nor actively induced others to infringe, nor contributed to the infringement of, any purportedly valid claim of the ’372, ’611, and ’330 Patents.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

The asserted claims of the ’372, ’611, and ’330 Patents are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132, and the rules, regulations and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents-in-suit, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiff is estopped from asserting that the patents-in-suit cover and include any UMC products or methods alleged to infringe the patents-in-suit under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver, Laches, Estoppel, and Acquiescence)**

Plaintiff’s claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, and/or acquiescence, and/or other equitable doctrines.

**FIFTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

Plaintiff’s claims for recovery are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

## OTHER AFFIRMATIVE DEFENSES

UMC's investigation of the claims and its defenses is continuing. In addition to the affirmative defenses set forth herein, UMC expressly reserves the right to amend its Answer to allege and assert any additional affirmative defenses and counterclaims or to supplement its existing defenses under Rule 8 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, UMC denies that Plaintiff is entitled to any relief, including the relief requested in its Prayer for Relief, and UMC respectfully requests that the Court enter a judgment against Plaintiff and in favor of UMC as follows:

A. That Plaintiff takes nothing and be denied any relief whatsoever;

B. That the Complaint be dismissed on the merits and with prejudice;

C. That the claims of the '372, '611, and '330 Patents be judged to be not infringed by UMC;

D. That the asserted claims of the '372, '611, and '330 Patents be judged to be invalid and/or unenforceable;

E. That UMC be awarded its costs incurred in connection with this action;

F. That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that UMC be awarded reasonable attorneys' fees; and

G. That UMC be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

UMC demands a trial by jury as to all claims, counterclaims, third-party claims and issues properly triable thereby.

Dated: October 26, 2017

Respectfully submitted,
VINSON & ELKINS L.L.P.

*/s/ Christopher Kao*
Christopher Kao
*Attorneys for Defendants*
*United Microelectronics Corporation and*
*UMC Group (USA)*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Civil L.R. 5-1(h)(1) on October 26, 2017. Any other counsel of record will be served via facsimile or electronic mail pursuant to Civil L.R. 5-1(h)(2).

*/s/ Christopher Kao*
Christopher Kao