Christine S. Yun Sauer, CA Bar No. 314307
CYunSauer@RobinsKaplan.com
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: 650 784 4040
Facsimile: 650 784 4041

Attorneys for Defendant
Advanced Micro Devices, Inc.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Lone Star Silicon Innovations LLC,

Plaintiff,

v.

United Microelectronics Corporation, UMC Group (USA), and Advanced Micro Devices, Inc.,

Defendants.

Case No. 3:17-cv-04033-WHA

**ADVANCED MICRO DEVICES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Defendant Advanced Micro Devices, Inc. (AMD) answers Plaintiff Lone Star Silicon Innovations LLC's First Amended Complaint. AMD denies all allegations not specifically admitted.

The preamble contains no allegations requiring a response.

## NATURE OF ACTION[1]

1. AMD states that the allegations in paragraph 1 are legal conclusions requiring no response. But to the extent that paragraph 1 requires a response, AMD admits that the First Amended Complaint alleges infringement of U.S. Patent Nos. 5,973,372 ("the '372 patent") and 6,388,330 ("the '330 patent) and purportedly arises under the patent laws of the United States, 35

[1] Headings replicate those in the First Amended Complaint and neither admit nor deny any allegations.

U.S.C. § 1, *et seq.*

**THE PARTIES**

2. Upon information and belief, admitted.

3. AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

4. AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

5. AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

6. Denied in part. AMD maintains its headquarters at 2485 Augustine Drive, Santa Clara, CA 95054.

7. AMD states that allegations in paragraph 7 are legal conclusions and arguments requiring no response. But to the extent that paragraph 7 requires a response, AMD admits that it entered into a Patent Transfer Agreement with Plaintiff on August 4, 2016. AMD admits that the parties amended that agreement on November 23, 2016. The Patent Transfer Agreement and its amendment speak for themselves. AMD admits that U.S. Patent Nos. 5,973,372 and 6,388,330 are identified as "Assigned Patents" under that agreement. Otherwise denied.

8. AMD states that allegations in paragraph 8 are legal conclusions and arguments requiring no response. But to the extent that paragraph 8 requires a response, AMD admits that AMD declined to join this lawsuit as a voluntary plaintiff. Otherwise denied.

9. AMD states that the allegations in paragraph 9 are legal conclusions and arguments requiring no response.

**JURISDICTION AND VENUE**

10. AMD denies that Plaintiff filed suit against the UMC Defendants on October 7, 2016. AMD further denies that the UMC Defendants moved to transfer venue on February 28, 2017. Plaintiff's dates are not accurate. Otherwise admitted.

11. AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

12. AMD lacks information sufficient to ascertain the truth of the allegations and therefore denies them.

13. Admitted that the United States District Court for the Northern District of California may exercise personal jurisdiction over AMD.

14. AMD states that allegations in paragraph 14 are legal conclusions requiring no response. AMD lacks information sufficient to ascertain the truth of the remaining allegations and therefore denies them.

**THE PATENTS IN SUIT**

15. Based on publicly available records, admitted.

16. AMD states that allegations in paragraph 16 are legal conclusions requiring no response. But to the extent that paragraph 16 requires a response, AMD admits that an assignment recorded on July 16, 1998, at Reel/Frame 009316/0047, for the ’372 patent identifies the named inventors as assignors and AMD as assignee. AMD further admits that an assignment recorded on August 5, 2016, at Reel/Frame 039597/0957, for the ’372 patent identifies AMD as assignor and Plaintiff as assignee. AMD further admits that the recorded assignment states that AMD assigned “all of [its] entire right, title and interest in and to” the ’372 patent and all rights “in and to causes of action and enforcement rights” and “all rights to pursue damages, injunctive relief and other remedies for past, present and future infringement of” the ’372 patent. AMD states that the Patent Transfer Agreement speaks for itself. Otherwise denied.

17. Based on publicly available records, admitted.

18. Based on publicly available records, admitted.

19. AMD states that allegations in paragraph 19 are legal conclusions requiring no response. But to the extent that paragraph 19 requires a response, AMD admits that an assignment recorded on February 2, 2001, at Reel/Frame 011530/0755, for the ’330 patent identifies the named inventors as assignors and AMD as assignee. AMD further admits that an assignment recorded on August 5, 2016, at Reel/Frame 039597/0957, for the ’330 patent identifies AMD as assignor and Plaintiff as assignee. AMD further admits that the recorded assignment states that AMD assigned “all of [its] entire right, title and interest in and to” the ’330 patent and all rights “in and to causes

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

of action and enforcement rights" and "all rights to pursue damages, injunctive relief and other remedies for past, present and future infringement of" the '330 patent. AMD states that the Patent Transfer Agreement speaks for itself. Otherwise denied.

20. Based on publicly available records, admitted.

**LONE STAR'S STANDING TO BRING THIS LAWSUIT**

21. AMD states that the allegations in paragraph 21 are legal conclusions and arguments requiring no response.

22. AMD admits that the Patent Transfer Agreement identifies the '372 patent and the '330 patent as "Listed Patents" and "Assigned Patents." AMD admits that the Patent Transfer Agreement provides that "[t]o AMD's Knowledge, AMD or one of its Affiliates has been assigned good and marketable title to each Listed Patent it is assigning hereunder, including all rights, title, and interest in each such Listed Patent and the right to sue for past, present and future infringement thereof," and that "AMD or one of its Affiliates is the original assignee of the Listed Patents." Patent Transfer Agreement, § 6.1(b)(i), (ii). AMD admits that the Patent Transfer Agreement provides that "AMD shall, and hereby does, assign to Lone Star, and Lone Star hereby acquires and accepts from AMD all right, title and interest in, to and under the Assigned Patents on an '**AS IS**' basis, subject to section 6.1(b)(vii), including . . . any and all legal rights entitled by the original owner of the Assigned Patents and all rights of AMD to sue for past, present and future infringement of any and all of the Assigned Patents, to collect royalties under such Assigned Patents, to prosecute all existing Assigned Patents worldwide, to apply for additional Assigned Patents worldwide and to have Assigned Patents issue in the name of Lone Star." *Id.* § 2.1. AMD admits that the Patent Transfer Agreement provides that "AMD shall, and hereby does, assign to Lone Star, and Lone Star hereby acquires and accepts from AMD all right, title and interest in, to and under all causes of action and enforcement rights, whether known, unknown, currently pending, filed, or otherwise, for the Assigned Patents, including all rights to pursue damages, injunctive relief and other remedies for past, current and future infringement of the Assigned Patents." *Id.* § 2.2. AMD further states that the Patent Transfer Agreement speaks for itself. Otherwise denied.

23. AMD admits that the Patent Transfer Agreement provides for "Contingent

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Payments" to AMD based on "Proceeds received on a given date." Patent Transfer Agreement, § 5.1. Otherwise denied.

24. AMD states that section 4.1 of the Patent Transfer Agreement speaks for itself. Otherwise denied.

25. AMD states that section 1 of the Patent Transfer Agreement, in particular, the definition of "Existing Encumbrances," and section 2.3 of the Patent Transfer Agreement speak for themselves. Otherwise denied.

26. AMD admits that the Patent Transfer Agreement defines "Unlicensed Third Party Entities" as "a Person (or an Affiliate thereof) which is not authorized or otherwise granted any rights (other than potentially by an implied license running with a Grantee's Licensed Products) by AMD to the Assigned Patents to use, develop, copy, modify, import, make and have made, offer for sale, sell, lease, import, export, distribute, demonstrate, display, transfer and/or otherwise exploit or dispose of a product or service by the Unlicensed Third Party Entity." AMD admits that the Patent Transfer Agreement provides that "[t]o AMD's knowledge, none of the Unlicensed Third Party Entities have been granted any rights (other than potentially through agreements referenced in Exhibit E, an implied license or through AMD's or its Affiliates' standardization activities . . . and other pre-existing specification-related or Standards-related licenses, covenants and promises of AMD or any of its Affiliates) by AMD or its Affiliates to the Assigned Patents." Patent Transfer Agreement, § 6.1(b)(vii). AMD admits that United Microelectronics Corporation appears on the list of "Unlicensed Third Party Entities" in Exhibit E to the Patent Transfer Agreement. *Id.*, Exhibit E. Otherwise denied.

27. AMD states that section 3.4 of the Patent Transfer Agreement speaks for itself. Otherwise denied.

28. AMD states that section 2.6 of the Patent Transfer Agreement speaks for itself. Otherwise denied.

29. AMD states that allegations in paragraph 29 are legal conclusions and arguments requiring no response.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**THE UMC DEFENDANTS' INFRINGING PRODUCTS AND METHODS**

30. AMD lacks information sufficient to ascertain the truth of the allegations.

31. AMD lacks information sufficient to ascertain the truth of the allegations.

32. AMD lacks information sufficient to ascertain the truth of the allegations.

33. AMD lacks information sufficient to ascertain the truth of the allegations.

34. AMD lacks information sufficient to ascertain the truth of the allegations.

**FIRST CAUSE OF ACTION—INFRINGEMENT OF THE '372 PATENT**

35. AMD repeats and incorporates its responses to paragraphs 1-34.

36. AMD lacks information sufficient to ascertain the truth of the allegations.

37. AMD lacks information sufficient to ascertain the truth of the allegations.

38. AMD lacks information sufficient to ascertain the truth of the allegations.

39. AMD lacks information sufficient to ascertain the truth of the allegations.

40. AMD lacks information sufficient to ascertain the truth of the allegations.

41. AMD lacks information sufficient to ascertain the truth of the allegations.

42. AMD lacks information sufficient to ascertain the truth of the allegations.

43. AMD lacks information sufficient to ascertain the truth of the allegations.

44. AMD lacks information sufficient to ascertain the truth of the allegations.

45. AMD lacks information sufficient to ascertain the truth of the allegations.

46. AMD lacks information sufficient to ascertain the truth of the allegations.

47. AMD states that allegations in paragraph 47 are legal conclusions requiring no response. But to the extent that paragraph 47 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

48. AMD states that allegations in paragraph 48 are legal conclusions requiring no response. But to the extent that paragraph 48 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

**SECOND CAUSE OF ACTION—INFRINGEMENT OF THE '330 PATENT**

49. AMD repeats and incorporates its responses to paragraphs 1-34.

50. AMD lacks information sufficient to ascertain the truth of the allegations.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

51. AMD lacks information sufficient to ascertain the truth of the allegations.

52. AMD lacks information sufficient to ascertain the truth of the allegations.

53. AMD lacks information sufficient to ascertain the truth of the allegations.

54. AMD lacks information sufficient to ascertain the truth of the allegations.

55. AMD lacks information sufficient to ascertain the truth of the allegations.

56. AMD lacks information sufficient to ascertain the truth of the allegations.

57. AMD lacks information sufficient to ascertain the truth of the allegations.

58. AMD lacks information sufficient to ascertain the truth of the allegations.

59. AMD lacks information sufficient to ascertain the truth of the allegations.

60. AMD states that allegations in paragraph 60 are legal conclusions requiring no response. But to the extent that paragraph 60 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

61. AMD states that allegations in paragraph 61 are legal conclusions requiring no response. But to the extent that paragraph 61 requires a response, AMD lacks information sufficient to ascertain the truth of the allegations.

**PRAYER FOR RELIEF**

AMD lacks information sufficient to determine whether Plaintiff is entitled to the relief it seeks.

DATED: November 8, 2019

**ROBINS KAPLAN LLP**

By: s/ Christine S. Yun Sauer
Christine S. Yun Sauer, CA Bar No. 314307
CYunSauer@RobinsKaplan.com
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: 650 784 4040
Facsimile: 650 784 4041

**ATTORNEYS FOR DEFENDANT ADVANCED MICRO DEVICES, INC.**